UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Kim Evans, ) | |
|     Petitioner, ) | |
| ) | No. 20 CV 50082 |
| v. ) | Judge Iain D. Johnston |
| ) | |
| Andrew Ciolli,[1] ) | |
|     Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Kim Evans seeks to vacate his conviction and sentence for being a felon in possession of a firearm. Specifically, he contends that his conviction cannot stand because the government never proved that he knew he was a felon when he possessed the firearm, a required element. For the reasons that follow, his petition [1] [12] is denied.

### Background

On February 20, 2009, Mr. Evans and two co-defendants robbed the Fifth Third Bank in Evanston, Illinois. *United States v. Smith*, 697 F.3d 625, 628 (7th Cir. 2012). They entered the bank wearing masks and gloves, Mr. Evans drew out a gun, and he and a co-defendant repeatedly told bank employees, "someone's gonna die today." *Id.* After stuffing a bag with cash, they escaped but were eventually caught. *Id.* at 628-29. A grand jury indicted Mr. Evans on three counts: bank robbery, *see* 18 U.S.C. § 2113(a); possession of a firearm in furtherance of a crime of violence, *see* 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). *See United States v. Km Evans*, No. 09 CR 152-1 (N.D. Ill.), Dkt. 40. Jurors convicted Mr. Kim of all three counts. *Id.*, Dkt. 170. In a Presentence Investigation Report, his probation officer calculated his total offense level to be 32 and his criminal history category to be VI. PSR [21] at 12, 18. But because the probation officer also concluded that Mr. Kim was a career offender because of his extensive criminal history, his guidelines range under the U.S. Sentencing Guidelines was 360 months to life. *Id.* at 28. On June 9, 2011, his sentencing judge sentenced him to 240 months' incarceration for the bank robbery conviction, 120 months for the felon in possession conviction, and 84 months for the possession of a firearm in furtherance of a crime of violence conviction, all to be served consecutive to one another, yielding a total sentence of 444 months. *Id.*, Dkt. 248. His projected release date is September 28, 2040.

Mr. Evans appealed his conviction but not his sentence, arguing that the district court erred in denying his pretrial motion to suppress and by not making clear to jurors that two jury instructions (one on aiding and abetting and one about defendants being liable for their co-conspirator's foreseeable actions) applied only to one of his co-defendants. *Smith*, 697 F.3d at

---

[1] The warden of AUSP Thomson is now Andrew Ciolli. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted as the defendant to this suit.

630. The Seventh Circuit affirmed his conviction. *Id.* at 637. On January 14, 2014, he then filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence arguing ineffective assistance of counsel because counsel failed to challenge his right to a speedy trial, his designation as a career offender, and failed to request that his jury determine all facts that affected any mandatory minimum sentence, without identifying what facts the jury failed to determine. The district judge denied his motion, and both the district court and Seventh Circuit declined to issue a certificate of appealability. *Evans v. United States*, No. 14 CV 262 (N.D. Ill.), Dkts. 9, 16. The Seventh Circuit also denied Mr. Evans' three requests for authorization to file second or successive motions under 28 U.S.C. § 2255, two of which he proposed to challenge his designation as a career offender, and the other to raise the issue he raises in this petition: that his conviction as a felon in possession cannot stand after the U.S. Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Id.*, Dkt. 16. The Seventh Circuit held that Mr. Evans could not raise his *Rehaif* argument in a second or successive § 2255 motion because it did not involve a new constitutional rule, but rather involved the interpretation of a statute. *Id.*

On November 13, 2019, Mr. Evans filed the instant petition under 28 U.S.C. § 2241.[2] In it, Mr. Evans argues that his conviction for being a felon in possession of a firearm cannot stand after *Rehaif*. In *Rehaif*, the Supreme Court first held that under 18 U.S.C. § 922(g), the government must prove not only that a defendant belonged to a group of persons prohibited from possessing a firearm or ammunition, but also that the defendant *knew* he was a member of that group. *See Rehaif*, 139 S. Ct. at 2195-96. Mr. Evans contends that his conviction for being a felon in possession should be vacated and he should be resentenced because the government did not prove that he knew he was a felon. In response, the government argues that Mr. Evans cannot raise his argument under 28 U.S.C. § 2241 and that, even if he could, he would not prevail because of evidence establishing that he knew he was a felon.

The normal avenue available to a federal prisoner to collaterally attack his sentence is 28 U.S.C. § 2255. But the ability to obtain relief under § 2255 is limited: for instance, a motion must be brought within one year of either the conclusion of the direct appeal or certain other events such as a Supreme Court decision newly recognizing a right that applies retroactively, *see* 28 U.S.C. § 2255(f); a prisoner may bring only one motion under § 2255 as of right, *see* § 2255(h); and a second or successive motion requires permission and must be based on either newly discovered evidence or a Supreme Court case involving a new interpretation of the U.S. Constitution, *see* § 2255(h)(1), (2). If a prisoner cannot meet any of those requirements, he may be able to proceed under the "saving clause" of 28 U.S.C. § 2255(e), but only if he can show that § 2255 is "inadequate or ineffective to test the legality of his detention." *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020).

The Court need not determine whether Mr. Evans' argument falls within the saving clause of § 2255(e) because even if it does, his petition would still fail. Mr. Evans' petition does not lay out what occurred at trial, what if any evidence that he was a felon the government presented, or how the trial court instructed jurors. But even assuming that jurors were not instructed to find that he knew he was a felon, Mr. Evans could not establish any error that would

---

[2] Mr. Evans is currently housed at AUSP Hazelton in West Virginia. But when he filed his 28 U.S.C. § 2241 petition with this Court he was housed at USP Thomson, which is within this district and so jurisdiction here is proper. *See In re Hall*, 988 F.3d 376, 379 (7th Cir. 2021).

require setting aside his conviction. Although arising in the context of plain error on a direct appeal, the Seventh Circuit has held that even though the government did not prove at trial that a defendant knew he was a felon, the error did not "'seriously affect[] the fairness, integrity or public reputation of judicial proceedings'" when evidence beyond the trial record establishes that the defendant must have known he was a felon. *United States v. Maez*, 960 F.3d 949, 962-63 (7th Cir. 2020) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). In *Maez*, the Seventh Circuit concluded that evidence that a defendant had served years in prison for each of multiple prior felonies, plus the defendant's stipulation at trial that he was a felon, left that court "confident that Maez knew he was a felon." *Id.* at 964. Likewise, Mr. Evans stipulated at trial that he was a felon. *Evans*, No. 09 CR 152-1 (N.D. Ill.), Dkt. 167. In addition, his PSR details his criminal history, which includes (1) two drug offenses for which he was originally sentenced to probation, but upon revocation of his probation served about two-and-a-half years' incarceration; (2) armed violence for which he served about two-and-a-half years' incarceration (this appears to be the offense which violated the terms of the probation he received for the drug offenses); (3) felon in possession of a firearm, for which he served just over one year of incarceration (this offense appears to have been a violation of the parole he was serving for the previous drug and armed violence offenses); and (4) possession of a stolen motor vehicle for which he served over four years' incarceration. PSR [21] at 13-17. Given his multiple periods of incarceration, including for a previous conviction of being a felon in possession, plus his stipulation at trial that he was a felon, there can be no serious question that Mr. Evans knew he was a felon at the time he committed the underlying offense. *See Maez*, 960 F.3d at 962-63; *see also United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020) (a defendant who served more than a year in prison for a prior offense would face an uphill battle to show that a *Rehaif* error affected his substantial rights).

## CONCLUSION

For the reasons given, Mr. Evans' petition [1] [12] is denied. This civil case is terminated, and the clerk is directed to enter judgment.

Mr. Evans is advised that this is a final decision ending his case in this Court. If he wants to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Mr. Evans need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The time to file a Rule 59(e) or 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2).

To the extent one is required, the Court declines to issue a certificate of appealability. *See* Rule 11 of the Rules Governing § 2254 Cases. Petitioner cannot show that reasonable jurists

would debate, much less disagree, with this Court's resolution of his § 2241 petition. *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2), and *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Date: May 27, 2021      By: _____
                        Iain D. Johnston
                        United States District Judge